## MARTIN VS. McCLELLAN.

AMENDMENT:

Where an account in proper form is filed before a Justice of the Peace as the foundation of an action, and is lost, and a substituted account is filed, in which the name of the creditor is omitted, he should be permitted to amend at any time, either before trial or after judgment, and an appeal to the Circuit Court.

APPEAL from *Stone* Circuit Court.

Hon. JAMES W. BUTLER, Circuit Judge.

*Miller*, for appellant.

The justice had jurisdiction, from the filing of the account, which was not affected by its loss. *Kent* v. *Gray*, adm'r., 26 Ark., 146; *Mockring* v. *Kayser*, 21 ib., 459.

*Gallagher & Newton*, for appellee.

"*De minimis non curat lex.*"

*Kent* v. *Gray* does not apply. Here no copy of the lost account was ever filed, if the original, indeed, had been. Sec. 3726, Gantt's Digest; same under the old law; 2 Eng., 469; 4 Eng., 478.

ENGLISH, CH. J.:

T. Martin sued T. J. McClellan before a Justice of the Peace of Stone county, on an open account for $6.45, and recovered judgment for $1.30 and costs, and McClellan appealed to the Circuit Court.

The Circuit Court, on motion of McClellan, dismissed the case on the ground that the Justice had no jurisdiction, and Martin appealed to this court.

It appears from the transcript that Martin filed with the Justice at the commencement of the suit, 18th August, 1873, the account on which the action was founded, which was lost or mislaid by the justice, and afterwards, but before the trial, Martin filed a substituted account like the one originally filed and lost,

except that he omitted his own name as the creditor, that is, the substituted account was against McClellan, but Martin's name being omitted, by inadvertance, it was in favor of nobody.

In this condition the substituted account was sent up to the Circuit Court by the Justice on the appeal of McClellan. The above facts were shown by the transcript and the affidavit of the Justice, and, upon the facts so appearing, the court refused to permit the Justice to amend the account by adding Martin's name, on his motion, but dismissed the case for want of jurisdiction, on the motion of McClellan.

The court should have permitted the account to be amended, though the case may not come legitimately within sections 3828, 3829, Gantt's Digest, p. 700, which the court seems to have had in view when the motion to amend was overruled, and the motion to dismiss for want of jurisdiction sustained.

No doubt, from what appears in the transcript, an account in proper form was filed at the commencement of the suit, and this gave the Justice jurisdiction of the subject matter of the action. The original account so filed having been lost or mislaid by the Justice, he had the right, and it was his duty to permit the plaintiff to substitute another account in place of that which was lost, making an entry showing the facts. The name of the plaintiff having been by inadvertance omitted in the account substituted, it was the duty of the Justice to permit the omission to be cured by amendment at any time before the case was removed to the Circuit Court on appeal; and the amendment not having been made before the appeal, because perhaps the omission had not been observed, the Circuit Court should have permitted the account to be amended on the showing made, and tried the case anew on its merits.

The amount of the account is small, and it is a misfortune for both parties that they got into litigation about it, but the judgment must be reversed and the cause remanded with instructions to the court to reinstate the case, permit the amendment to be made, and for further proceedings, etc.